Joshua W. Carden, SBN 021698
JOSHUA CARDEN LAW FIRM, P.C.
16427 North Scottsdale Road, Suite 410
Scottsdale, AZ 85254
joshua@cardenlawfirm.com
(480) 454-1100
(480) 454-1101 (Fax)
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Trisha Loftis,<br><br>            Plaintiff,<br><br>v.<br><br>My Computer Works, Inc.,<br><br>            Defendant. | **ORIGINAL COMPLAINT**<br><br>**(JURY TRIAL REQUESTED)** |

Plaintiff Trisha Loftis by and through the undersigned counsel, seeks relief in this Complaint as follows:

## THE PARTIES

1. Plaintiff Trisha Loftis is a resident of Maricopa County, Arizona, and, at all relevant times in this Complaint, an "employee" of My Computer Works, Inc. for purposes of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112, *et seq.*, and the Arizona Civil Rights Act, A.R.S. § 41-1461, *et seq.*

2. Defendant My Computer Works, Inc. ("MCW") is a domestic corporation doing business in Maricopa County, Arizona.

3. MCW was an "employer" of Plaintiff and at least 14 other people, within the meaning of the ADA and ACRA at all times material to this action.

## JURISDICTION AND VENUE

4. The United States District Court of Arizona has jurisdiction with respect to this matter pursuant to 28 U.S.C. §§ 1331 & 1343(4) because they arises under federal law, including civil rights law. This Court also has pendent jurisdiction over related state law claims under 28



1 | U.S.C. § 1367.

2 | 5. All of the events happened within Maricopa County, Arizona; venue in this Court is therefore proper pursuant to 28 U.S.C. § 1391(b).

**FACTUAL ALLEGATIONS**

6. MCW provides "low-cost help desk and personal technology support solutions for homes and small businesses nationwide.

7. MCW hired Ms. Loftis in October 2016 as a Project Manager in Phoenix, Arizona.

8. Her work performance was always satisfactory.

9. In November 2018, she promoted to a Channel Account Manager – a sales role.

10. In that position, she had a monthly sales quota of $30,000.00.

11. Plaintiff suffers from a blood-related disability that impacts one or more major body systems.

12. In April 2019, she notified MCW of her disability and requested a short stint of medical leave as an accommodation.

13. MCW allowed Ms. Loftis to take that leave.

14. In May 2019, the disability was exacerbated, necessitating additional medical leave.

15. MCW allowed Ms. Loftis to take that leave.

16. May 2019, Ms. Loftis missed her sales quota for the first time.

17. MCW management expressed frustration that she had missed her quota for May 2019.

18. MCW held her to her entire monthly sales quota for May 2019, despite its knowledge of her medical leave.

19. In early July 2019, MCW informed all of its sales employees, including Ms. Loftis, that they would be required to make 25 sales phone calls every day.

20. Though Ms. Loftis did not always hit that number, she regularly exceeded the number of calls made by her co-workers.

21. In August 2019, Ms. Loftis was informed by the VP of Sales that her quota was doubling from $30,000 to $60,000 monthly.



22. Upon information and belief, no other sales employee had their quota doubled at that same time.

23. In August 2019, MCW issued Ms. Loftis her first and only written warning.

24. The warning mandated that she make 125 calls per week.

25. The warning also mandated that she "not miss a day of work during the next 30 days."

26. The warning also noted that she had made 74 calls but had only worked "4 days" during the week of 7/29-8/2/19 – the day she missed that week was due to a doctor's appointment related to her disability.

27. Importantly, no other employee was held to the same standard as Ms. Loftis.

28. Reports showing the number of call made by each sales employee were stopped after it became obvious that only Ms. Loftis was being required to make that many calls per week.

29. After August 19, 2019, Ms. Loftis complained to HR on more than one occasion regarding the fact she was being singled out for mistreatment.

30. Ms. Loftis continued to be the only employee required to make 125 calls per week.

31. On September 16, 2019, the VP of Sales and the HR rep to whom Ms. Loftis had complained called Ms. Loftis into a meeting.

32. During the meeting, the HR rep announced that Ms. Loftis was being "held to the August 19 written reprimand" and that she was terminated effective immediately.

33. Upon information and belief, the actual reasons for Mr. Loftis' termination were her disability and/or her complaints to HR.

**Administrative Charge Exhaustion Requirement**

34. December 10, 2019, Ms. Loftis dual-filed a timely Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Arizona Attorney General Civil Rights Division, alleging, *inter alia*, that she was discriminated against based on her disability, and that she experienced retaliation. A true and correct copy of the original charge is attached as Exhibit A.

35. On October 22, 2016, the Arizona Attorney General Civil Rights Division – the



investigating agency in this case - issued a notice of right to sue dated September 14, 2020. A true and correct copy of this notice is attached as Exhibit B.

36. The EEOC automatically issues a notice of suit rights upon receipt of the Arizona Attorney General's notice of file closure, but there is often a several week delay. This matter is being filed prior to receipt of the EEOC notice, and this Complaint will be amended when it is received.

37. All conditions precedent to this lawsuit have otherwise been satisfied or excused.

## FIRST CAUSE OF ACTION –ADA DISCRIMINATION

38. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

39. Plaintiff was a qualified individual with a disability, capable of performing her job with reasonable accommodations.

40. Plaintiff's physical condition, as described above, caused substantial limitation to the performance of major life activities.

41. Plaintiff's requests for an accommodation – short term medical leave – further placed Defendant on notice of a disability and contributed to the perception by Defendant that Plaintiff experienced substantial limitations of major life activities.

42. Defendant discriminated against, and failed to accommodate Plaintiff by requiring her to meet the same monthly performance obligations as a non-disabled person for the portion of the month where she was out on leave.

43. Defendant further discriminated against, and failed to accommodate Plaintiff by placing in her written warning the requirement that she not miss any work for the next 30 days, with no exception made for Plaintiff's disability.

44. It would have caused Defendant no undue hardship to allow Plaintiff to miss a day for medical issues.

45. Defendant essentially adopted a "100% healthy" policy, which is a *per se* violation of the ADA.

46. By these actions, Defendant has engaged in direct discrimination Plaintiff, as well as treating her disparately from other non-disabled workers in violation of the ADA.

47. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

48. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages in the form of lost wages and value of benefits.

49. Plaintiff continues to lose the value of such wages and benefits into the future.

50. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages in the form of emotional distress, embarrassment, humiliation, loss of reputation, and loss of self-esteem.

51. Defendant's conduct was malicious, done with reckless indifference, and/or performed with an evil mind so as to entitle Plaintiff to punitive or exemplary damages.

## SECOND CAUSE OF ACTION – ADA RETALIATION

52. All preceding paragraphs are incorporated herein by reference.

53. Plaintiff engaged in protected activity by reporting a perceived disability discrimination to Defendant's HR.

54. Defendant has retaliated against Plaintiff for engaging in protected activity by terminating her as described herein in violation of the ADA.

55. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

56. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages in the form of lost wages and value of benefits.

57. Plaintiff continues to lose the value of such wages and benefits into the future.

58. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages in the form of emotional distress, embarrassment, humiliation, loss of reputation, and loss of self-esteem.

59. Defendant's conduct was malicious, done with reckless indifference, and/or performed with an evil mind so as to entitle Plaintiff to punitive or exemplary damages.



## THIRD CAUSE OF ACTION – ACRA DISCRIMINATION

60. All preceding paragraphs are incorporated herein by reference.

61. Plaintiff is a member of protected classes under ACRA, namely disabled.

62. Defendant discriminated against Plaintiff during her employment and by terminating Plaintiff's employment because of her disability, in violation of the ACRA.

63. Specifically, Defendant used standards, criteria or methods of administration that had the effect of discriminating on the basis of disability.

64. Additionally, Defendant did not make reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual who is an employee.

65. Defendant would not have suffered an undue hardship had it accommodated Plaintiff's disability.

66. Defendant's contention that Plaintiff was terminated for any other reason is pretext for discrimination.

67. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages in the form of lost wages and value of benefits. Plaintiff continues to lose the value of such wages and benefits into the future.

## FOURTH CAUSE OF ACTION – ACRA RETALIATION

68. All preceding paragraphs are incorporated herein by reference.

69. Plaintiff engaged in protected activity by reporting a perceived disability discrimination to Defendant's HR.

70. Defendant has retaliated against Plaintiff for engaging in protected activity by terminating her as described herein in violation of the ACRA.

71. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

72. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages in the form of lost wages and value of benefits.

73. Plaintiff continues to lose the value of such wages and benefits into the future.

## DEMAND FOR TRIAL BY JURY

74. Ms. Loftis demands a trial by jury, pursuant to the U.S. Constitution, Seventh Amendment and Federal Rules of Civil Procedure Rule 38(a, b).

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

A. Declaring that the acts and practices complained of herein are in violation of the ADA and ACRA;

B. Ordering Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated – including management training regarding disability discrimination and/or retaliation, or other equitable relief as appropriate;

C. Ordering Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory and tortious treatment, and make her whole for all earnings she would have received but for Defendant's actions, including, but not limited to, back pay, front pay, and any other lost benefits in an amount determined by the Court;

D. Awarding Plaintiff compensatory and punitive damages in an amount to be determined by the jury.

E. Awarding Plaintiff pre- and post-judgment interest, the costs of this action, and reasonable attorneys' fees as provided by the statutes providing the cause of action cited herein.

F. Granting such other and further relief as this Court deems necessary and proper.

Respectfully submitted on this 30th day of November, 2020,

JOSHUA CARDEN LAW FIRM, P.C.

By: s/Joshua W. Carden
Joshua W. Carden
*Attorney for Plaintiff Trisha Loftis*

